UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR COUNTY OF LOS ANGELES, *et al*,<br><br>Respondents. | Case No. 1:19-cv-00978-JDP (HC)<br><br>ORDER TRANSFERRING CASE |

Petitioner Derrick L. Johnson, a state prisoner without counsel, filed at least four petitions under 28 U.S.C. § 2254 between June and July of 2019, raising the same claims.[1] In this case, petitioner challenges a state court judgment entered by the Los Angeles County Superior Court. ECF No. 1 at 1-3. This court has already transferred to the Central District of California petitioner's other Section 2254 petitions making the same claims. *See* Case Nos. 1:19-cv-00880-EPG, 1:19-cv-00947-EPG, 1:19-cv-01012-SKO. The court will do the same here.[2]

---

[1] *See* Case Nos. 1:19-cv-00880-EPG, 1:19-cv-00947-EPG, 1:19-cv-00978-JDP, 1:19-cv-01012-SKO.

[2] Petitioner appears to have litigated another Section 2254 petition earlier this year, between January and April. *See* Case No. 19-cv-00032-AWI-SKO. It appears that the court decided that petition on the merits, potentially making the petition in this case successive. The petition in this case also appears to lack merit: petitioner alleges that the state failed to indict him by grand jury,

1

A state prisoner may file a petition for a writ of habeas corpus in one of at most two districts: "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). In situations where these two districts differ, the district courts of both districts have concurrent jurisdiction, and the court in which the petition is filed may exercise its discretion to transfer the petition to the other district "in furtherance of justice." *Id*.; *see also* 28 U.S.C. § 1406(a). Traditionally, federal courts in California have chosen to hear habeas petitions challenging a conviction or sentence in the district of conviction, *see Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993), because records, witnesses, and other evidence necessary for resolving the petition are in that district, *see Woods v. California*, No. 14-cv-289, 2014 WL 1128430, at *1, n.1 (S.D. Cal. Mar. 20, 2014).

Here, petitioner challenges a state court judgment from the Los Angeles County Superior Court. Following the custom of the federal courts in California, this court will transfer the petition to the United States District Court for the Central District of California. A "substantial part of the events . . . giving rise to the claim occurred" in the Central District, so venue is proper under 28 U.S.C. § 1391(b).

**Order**

This matter is transferred to the U.S. District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  August 23, 2019   _____
UNITED STATES MAGISTRATE JUDGE

No. 202

---

but such procedure has not been made applicable to states. In any event, whether the court may exercise jurisdiction over petition and whether petitioner states a cognizable habeas claim are matters for the Central District to decide.

2